Harry Lea Dodson, Appellant, v. Bennet D. Marks, Appellee.

### Gen. No. 14,472.

INSTRUCTIONS—*when slight inaccuracy will not reverse.*   Slight inaccuracy in instructions will not reverse where it appears that substantial justice has been done.

Assumpsit.   Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.   Heard in this court at the March term, 1908.   Affirmed.   Opinion filed May 20, 1909.

Statement by the Court.   The plaintiff and appellant, Harry Lea Dodson, sued the defendant and appellee, Bennet D. Marks, in *assumpsit* on August 2, 1907.   He began the action by an attachment and garnished the Foreman Bros. Banking Company.   In his affidavit to secure the attachment the plaintiff swore that the defendant was indebted to him (the plaintiff) in the sum of $10,000, upon a contract for services as patent attorney, and promoting a certain invention,

and that the defendant was not a resident of this State; that his place of residence was unknown and that upon diligent inquiry the plaintiff had not been able to ascertain it. He filed a declaration containing only the consolidated common counts. The defendant pleaded the general issue and demanded a more specific bill of particulars. This was filed as follows:

"To the value of one-third of ten thousand shares of the capital stock of the Marks Automatic Wood Reproducing Company, the property of the plaintiff converted by the defendant to his own use............$10,000.00
To interest on the above to date of payment.
To one-third of the proceeds and benefits derived from the sale of United States Letters Patent on a certain graining machine, issued to defendant for the joint benefit of plaintiff (including the above $10,000, to-wit) ......................  20,000.00
To services in perfecting certain wood graining devices in such form as to obtain United States Letters Patent on same, organizing Companies, interesting capital, etc., and services in making the above valuable and salable, and establishing a market for the same (to-wit, one-third part of the proceeds derived from the sale of the above,) all per verbal agreement.....  10,000.00
To services in perfecting a certain wood graining device in such form as to obtain United States Letters Patent on same, organizing companies, interesting capital, etc., and services in making the above valuable and salable, and establishing a market for the same (one-third certain other part of the proceeds derived from the sale of the above), all per verbal agreement, to-wit .............. ............8,000.00."

The defendant also filed a traverse of the attachment affidavit, praying judgment of the writ. It asserted that the defendant was, at the time of the com-

mencement of the action and the filing of the affidavit for attachment, a resident of this State; that he resided at 4314 Vincennes avenue in Chicago, and had resided in Chicago for five years last preceding.

This cause was submitted to a jury, both on the merits and on the attachment issue, and the jury found both issues for the defendant.

A motion for a new trial was made and overruled, and a judgment of *nil capiat* and for costs against the plaintiff and this appeal followed.

In this court the appellant has assigned as errors, that both verdicts were against the law and the evidence; that the trial court erred in rulings on evidence, in instructing the jury, in overruling the motion for a new trial, and in entering judgment against the plaintiff.

EASTMAN, EASTMAN & WHITE, for appellant.

RICHARD J. COONEY, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

Great reliance is placed by the appellant on the position that the tenth instruction given at the request of the defendant was erroneous. The instruction was as follows:

"If you believe from the evidence that the defendant employed the plaintiff to secure letters patent on a certain improvement in graining machines and printing rollers, and that the plaintiff agreed with the defendant to charge a stipulated price for said services in securing said letters patent; and if you further believe from the evidence that the defendant has paid to the plaintiff the sum of money which he agreed to pay the plaintiff for his services in securing the said letters patent, if you believe from the evidence any certain sum was agreed to between the parties, then the court instructs you that your verdict must be for the defendant."

The contention of the plaintiff is that this instruction is erroneous, because, although directing a verdict, it omits the real issue for the jury to decide. He alleges that there was no controversy in the evidence on the proposition that: (1) defendant employed the plaintiff to secure letters patent; (2) that the plaintiff agreed with the defendant to charge a stipulated price for said services in securing said letters patent; and (3) that defendant has paid the plaintiff the sum of money which he agreed to pay the plaintiff for his services in securing said letters patent.

But the plaintiff says the question in the case really is: Was there not promised (in addition to this stipulated sum which was paid for procuring the letters patent) certain other sums, contingently or otherwise, for "the trip to Washington, the ideas for means to get around existing patents, the interviewing and interesting capitalists, the promotion business," etc.?

If this were all accurately stated, it is quite evident that the tenth instruction could only be made correct by inserting the word "only" after the words "the plaintiff" in its opening clause, making it read:

"If you believe from the evidence that the defendant employed the plaintiff *only* to secure letters patent," etc.

But the proper answer to the argument that the omission of this qualification in the instruction should reverse this judgment is two-fold. In the first place, consideration of the pleadings and evidence makes us disagree with the statement that there was no dispute about the three propositions above formulated. Undoubtedly, there was no controversy over the proposition that defendant employed the plaintiff to secure letters patent; but we think both pleadings and evidence show that the plaintiff himself did dispute the proposition that he had agreed to charge a stipulated price therefor, and the proposition that the defendant had paid him such stipulated price.

The impression made on our mind is the same which

evidently was made on the mind of the trial judge, and which he intended to indicate by the instruction complained of, namely, that the contention of the plaintiff was that his services were to involve more action in the interest of the patent owner than the mere securing of the letters (although that was to be included), and that they were to be paid for on a contingent basis by a portion of the net result of the issuance and disposition of the patent; while the contention of the defendant was that the services for which the plaintiff was employed were only those necessary in procuring the patent, and that for those a stipulated sum was named and paid. In other words, we fail to see where the plaintiff asserts, either in pleadings or evidence, that there was one contract (which was fulfilled) for obtaining the patent, and another (which was unfulfilled) for other services in connection therewith.

And although in the condition of the record which actually existed, it would not have injured, and would have rendered more precisely accurate, the instruction above quoted to have inserted the limiting word "only" as suggested, yet its absence by no means renders the instruction obnoxious to the same criticism to which it would be liable if the other alternative suggested, of two contracts, was presented by the record.

We think that as the record actually stood the issue really presented was made by a sharp contradiction between the plaintiff's story and the defendant's story, and that in connection at least with the other instructions given, the tenth instruction above quoted stated fairly enough the defendant's theory of the case, and did not and could not in reason have misled the jury.

There is, however, as we have indicated, a second reason for not considering that the giving of the tenth instruction was reversible error. We think the judgment should be allowed to stand because, it seems to us that justice has been done between the parties.

The plaintiff's argument asserts that where the evi-

dence is conflicting the instructions must be precisely accurate or the judgment will be reversed.

It would state the rule laid down in the cases cited better, to say, "Where the case is close on conflicting evidence, the instructions must be accurate or the judgment will be reversed."

In this case the evidence is indeed conflicting, but we do not deem the case so close as to come within that rule.

We have given due weight to all the circumstances marshalled by the plaintiff's counsel in his brief, and have compared and studied the differing stories of the witnesses in the record diligently. But the testimony to the settlement and the actions and words of the plaintiff at that time, given by the defendant and corroborated to the fullest extent by the witness Griswold and, so far as it goes, by the written evidence, seems to us stronger than the plaintiff's own story, with the inferences drawn from the admitted facts by plaintiff's counsel added.

To discuss the evidence would be useless for the purposes of this opinion.

We do not think the ninth instruction is open to the criticisms made of it.

As for the attachment issue, the evidence on this also was conflicting, but the jury passed on it in accordance with our view of its weight.

The judgment of the Municipal Court is affirmed.

*Affirmed.*